IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEE ANNE COAST,                )
                               )
        Plaintiff,              )
                               )
    v.                         )   Civil Action No. 14-00002
                               )
CAROLYN W. COLVIN, ACTING      )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
        Defendant.              )

O R D E R

AND NOW, this 23rd day of December, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits and child's insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The court finds no merit in Plaintiff's various arguments that the Administrative Law Judge ("ALJ") failed to base his assessment of Plaintiff's residual functional capacity ("RFC") on substantial evidence. In sum, Plaintiff alleges that the ALJ improperly portrayed the evidence of record, including the course of treatment for Plaintiff's alleged impairments and her activities of daily living, in evaluating Plaintiff's credibility. See Plaintiff's Brief in Support of Summary Judgment (Doc. No. 7 at 5-7). Plaintiff also claims that the ALJ erred in his consideration of the medical opinion evidence, in which he gave greater weight to the opinion of the state agency consultants, and less weight to the opinions of Plaintiff's primary care physician and other consultative examiners. (Doc. No. 7 at 8-9). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on a thorough discussion of the evidence presented in the record, of Plaintiff's non-disability.

First, it is well established that "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if []he does not find it credible so long as [the ALJ] explains why []he is rejecting the testimony." Hall v. Comm'r of Soc. Sec., 218 Fed. Appx. 212, 215 (3d Cir. 2007) (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999)); see also SSR 96-7p, 1996 WL 374186 (S.S.A.). In finding that Plaintiff's subjective complaints were not entirely credible, the ALJ considered Plaintiff's testimony and allegations, and he evaluated those complaints against the objective medical evidence in the record and Plaintiff's treatment history. (R. 21-25). See also Hall, 218 Fed. Appx. at 215. For example, the ALJ found Plaintiff's "relatively full and independent" daily activities of living to be consistent with his RFC determination and inconsistent with a disabling level of functioning. (R. 25). He also noted that Plaintiff receives conservative treatment which allows her to be "fairly active as reflected in her activities of daily living," that surgery has not been recommended for her, and that she has needed no "formal inpatient mental health treatment since her brief hospitalization" in 2010. (R. 25). The ALJ further stated that Plaintiff's work history shows her "ability to perform work related activities," and "does not lend great support to the credibility of her statements about her inability to work because of her subjective complaints." (R. 25). Therefore, after engaging in a detailed discussion of the evidence in the record that called into question Plaintiff's allegations of disability, the ALJ concluded, "[o]verall, I find the claimant's allegations to be not fully credible." (R. 25).

Second, the Court finds no basis for Plaintiff's argument that the ALJ erred in giving significant weight to the opinions of Dr. Dale, a state consultative examiner, and Dr. Diorio, a state agency reviewer, while giving little weight to the opinions rendered by Dr. Needham, Plaintiff's primary care physician, and Ms. Brose and Dr. Scrimenti, consultative examiners in the case. It is well-established that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). The Court finds that, in determining Plaintiff's RFC, the ALJ fulfilled his obligation to address all the relevant medical opinions and demonstrated his full consideration of those opinions. In explaining his reasoning for giving Dr. Dales' opinion significant weight, the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 6) is DENIED and Defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:         Counsel of record

---

ALJ emphasized that Dr. Dale examined Plaintiff and reviewed her medical history, and that Dr. Dale's finding of not disabled is "supported by the evidence, [and] is consistent with the record as a whole." (R. 26). In contrast, the ALJ gave little weight to the opinion of Dr. Needham, finding that her opinion is inconsistent with her conservative treatment of the Plaintiff, her relatively normal examinations of Plaintiff, and Plaintiff's numerous activities of daily living. (R. 26). The ALJ noted that, even if Dr. Needham's "opinion was given great weight, it would still not be supportive of a finding of disability because Dr. Needham found the claimant to be disabled for less than 12 months." (R. 26).

      Additionally, the ALJ gave significant weight to the opinion of Dr. Diorio, stressing that, like that of Dr. Dale, Dr. Diorio's opinion was consistent with Plaintiff's treatment history. (R. 27). However, the ALJ gave little weight to the opinion of Ms. Brose and Dr. Scrimenti, finding that their opinions were not supported by Plaintiff's treatment history and was inconsistent with their own examination of Plaintiff (in which she had good concentration and attention and intact memory). (R. 26). The ALJ's evaluation of the consultants' opinions were entirely proper, as the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). Thus, throughout her decision, the ALJ clearly considered all the relevant evidence in the record, provided discussion of the evidence to support her evaluation, and ultimately concluded that the opinions of consulting examiners Ms. Brose and Dr. Scrimenti, and that of Dr. Needham, were not supported by the evidence as a whole. (R. 22-27). Upon review, the Court finds that substantial evidence supports the ALJ's evaluation of the opinion evidence and his decision to give greater weight to the opinions of Dr. Dale and Dr. Diorio, while giving less weight to the other opinions of Dr. Needham, and Ms. Brose and Dr. Scrimenti, in making his determinations.

      The ALJ ultimately concluded that, "based upon the substantial weight of the objective medical evidence, the claimant's course of treatment, her level of daily activity, her work history and the medical opinions, which have been given the appropriate weight for the reasons cited," Plaintiff retains the RFC for the work identified in his decision. (R. 27). After careful review of the record, the Court finds that the ALJ addressed the relevant evidence in the record and thoroughly discussed the basis for his evaluation of Plaintiff's credibility and his finding with regard to Plaintiff's RFC. Furthermore, the Court finds that the ALJ properly evaluated the medical opinion evidence in the record, adequately explained the basis for his findings, and appropriately relied upon the VE testimony in making his determinations. Accordingly, the Court affirms.